HENRY B. BEARD and another *vs.* NEHEMIAH P. CLARKE.

June 18, 1888.

Various exceptions, not involving any question of general interest or importance, disposed of.

In a former action, brought under the statute, (Gen. St. 1878, c. 32, § 78,) the plaintiffs sued to recover for driving logs of defendant, intermingled with their own, from Sullivan lake to Rice lake, in the Platte river, a tributary of the Mississippi.   In that action this court held, on appeal, (35 Minn. 324,) that plaintiffs could not recover for that part of the driving that was done between Sullivan lake and Tribby's camp because that was done under a contract between the parties, and plaintiffs could only recover for it by an action on the contract.   The plaintiffs thereupon brought this action in the district court for Stearns county, alleging a contract for a joint drive from Sullivan lake to the Mississippi river, and that each party was to furnish one man for each 100,000 feet of logs belonging to him; that

on April 1, 1884, the plaintiffs put upon the drive their quota of men, but that the defendant, after first contracting with one Jones to drive certain logs of his from Jones landing on the Platte (below Sullivan lake) to the Mississippi, at a stipulated price, added these to his own and plaintiffs' logs, the entire mass being driven as far as Tribby's camp, which was reached about June 20th, when defendant took off his men and abandoned the drive; that the plaintiffs' logs amounted to about 7,000,000 feet, and the aggregate of the logs of defendant and Jones was 11,000,000 feet; that the plaintiffs furnished 80 men, and the defendant furnished only 15; that a reasonable compensation for driving from Sullivan lake, or from Jones landing, to Tribby's camp, was $1 per thousand feet, and that by reason of the facts above stated the plaintiff drove 9,864,540 of the logs of defendant and Jones, over and above the labor furnished by the defendant in making the joint drive, and is entitled to recover $9,864.54, for which sum judgment is demanded.

The defendant, in his answer, alleges (among other things) that plaintiffs furnished for the drive only 60 men, while defendant furnished 120 men; that in driving the logs it became necessary to use a dam to create artificial floatage; that the plaintiffs and their men took sole charge of the dam, to the exclusion of defendant, and so operated it that it was of no aid whatever to the drive, and excluded defendant's men from it, and would not allow it to be used for the purpose of creating such artificial floatage; and that the services of plaintiffs' men were of no use, but were a positive injury, to defendant and all persons having logs in the river; and that by plaintiffs' failure to furnish their quota of men, and their conduct in respect to the dam, the defendant was damaged in the sum of $5,000, which is alleged as a counterclaim.

The action was tried before *Collins*, J., and a jury, and defendant had a verdict for $538.47. A new trial was refused if defendant should file a stipulation releasing all claim to the amount of the verdict, and consenting to judgment for his costs and disbursements only. This was done, and the plaintiffs appealed.

*P. M. Babcock*, for appellants. *Searle & Lamb* and *Reynolds & Stewart*, for respondent.

GILFILLAN, C. J.[1]   There is nothing that justifies special mention in any of appellants' first five assignments of error.   There was no error in any of the rulings referred to in them.   The question referred to in the sixth assignment was proper.   It is true there was no express agreement to use the dam in any particular manner; but as the plaintiffs seek to recover the value of the services rendered by their men in driving the logs, and as they had to use the dam to facilitate and assist their labors in driving, it is apparent that they would accomplish more or less according as they used the dam judiciously or injudiciously, and in that view it was proper to prove how they used it.   The evidence went to the value of their services to defendant.   The objection that the witness did not see the dam at the times with respect to which the question was asked, is not well taken, because it is evident that one used to the river, and the driving of logs, and the working of such a dam, can tell, without seeing it at the time, but seeing the water come down in greater or less quantities, and seeing the hours of the day at which it comes down, whether the dam is opened too much or too little, or at the wrong time of day, to be of use for driving logs.

The plaintiffs' first request was rightly refused.   The theory of the complaint is that there was a contract between the parties for a joint drive of all the logs of both parties, each party providing men in proportion to his quantity of logs in the drive, and that defendant failed to furnish his requisite number of men, and the plaintiffs had to make up the deficiency.   The evidence tends to prove that defendant broke off the lower part of the drive, consisting mostly of his logs, but including some of plaintiffs', and carried that part of the drive down to the Mississippi river, while the plaintiffs brought down the remainder, employing, for the purpose, more than their proportion of men.   It must be entirely clear that, if plaintiffs are entitled to recover of defendant for bringing down his logs that were in the rear part of the original drive, the defendant is entitled to offset for taking down plaintiffs' logs that were in the part broken off.   The request negatived this, and was therefore wrong.

[1] Collins, J., having tried the case below, took no part in the decision.

The plaintiffs' second request was ambiguous, and liable to mislead the jury. There was evidence tending to show that the manner in which plaintiffs' men used the dam rendered their services of much less value than if they had used it properly, and the jury might take it into account in finding the value of those services. But the request was so worded that the jury might have understood that they were not to consider at all the evidence on the point. Had plaintiffs meant, by the request, as very likely they did, that because the amount, in dollars and cents, of damages to defendant from improper use of the dam was not proved, no counterclaim because thereof could be allowed, the request might and ought to have been so worded as to express that idea, without danger of being understood by the jury to apply to the effect which such improper use might have had on the value of plaintiffs' services in driving the logs.

Order affirmed.